Jones, J.
One of the reasons for permitting the filing of petition in error in this case was that it involved a similar question presented in the case of Howell v. State, ante, 411, decided at the present term. As in the Howell case it is here urged that touching the recommendation of mercy by the jury the trial court erred in restricting the jury’s discretion to recommend mercy to the facts and circumstances developed on the trial. While in that respect the trial court used substantially the same language found in the charge in the Howell case, the charge in the instant case was even more favorable for the defendant in that the court more than' once told the jury that it was a matter wholly within their discretion. In confining that discretion to the evidence developed upon the trial, the trial court did not err. Howell v. State, supra, followed and approved.
With respect to the charge relating to the burden of proof on the issue of insanity, counsel for plaintiff in error again urge this court to modify its former holdings upon that question. The claim is made that in proving the state’s case, some evidence having been offered tending to show insanity, the burden in that event shifted upon the state to overcome such tendency. In that respect the plaintiff in error would evoke the rule adopted by this court in cases where plaintiff’s own evidence shows contributory negligence. However, this court has adopted a fixed rule upon that question from which we are not disposed to depart. The burden of proof upon the issue of insanity does not shift from the defendant to the state, but the defendant must *436 establish that issue by a preponderance of all the evidence adduced on the trial. Loeffner v. State, 10 Ohio St., 598; Bond v. State, 23 Ohio St., 349; Bergin v. State, 31 Ohio St., 111, and State v. Austin, 71 Ohio St., 317.
It appears from the record that after the plea of “not guilty,” and before trial, counsel for the accused, acting under Section 13608, General Code, suggested the insanity of the defendant. That issue was tried by a jury and the defendant found sane. However, counsel for the defendant again •undertook to avail themselves of the same statute by suggesting the insanity of the accused after his conviction, and after the motion for a new trial had been overruled, but before sentence. This suggestion was accompanied by the certificates of two reputable physicians, Drs. Phillips and Philo. However, there is nothing in the record, and nothing in the certificates of these two physicians, even tending to show that the mental stability of the accused had changed since the question of insanity was tried. In fact, if this issue were again presented it would be equivalent to a retrial of insanity upon the same facts but before a different jury. Whether, if the defendant had become suddenly insane after his trial for insanity, a second suggestion could have been made by his counsel, it is not necessary to decide; but undoubtedly the statute does not comprehend more than one trial upon the issue of insanity where such a situation does not develop. The trial court, therefore, did not err in refusing to impanel a second jury upon that issue.
*437 After the charge of the court and after the submission of the case to the jury the following colloquy occurred: The defendant: “Have I got a right to say something in this case?” Court: “What does your counsel say?” Counsel for defendant: “It is up to the court.” Court: “I will let counsel present your defense — I think counsel have presented his defense.”
Counsel for plaintiff in error contend that the court thereby denied to the accused the right guaranteed him by Section 10, Article I of the Constitution, which provides that “the party accused shall be allowed to appear and defend in person and with counsel.” Although this constitutional right has been guaranteed to the accused and his counsel there is no constitutional violation in providing for the exercise of this right. Section 13675, General Code, provides the manner in which criminal cases shall be conducted. This procedure was followed in the instant case, and unless there was an affirmative showing that an unfair trial resulted from such denial it would not be error to refuse permission to address the court or jury after the case had been fully submitted.
After the judgment of conviction and sentence had been affirmed by the court of appeals, upon the representation of the sheriff, acting under Section 13735, General Code, the court again impaneled a jury to inquire into the sanity of the accused. In this proceeding nine of the twelve jurymen signed a verdict finding the defendant sane. Even should it be conceded that this last proceeding in the trial *438 court resulted in a final judgment, the record does not disclose that the jurisdiction of the court of appeals was invoked in respect thereto; and, if any irregularities occurred in the trial court in this last proceeding, manifestly this court, under its constitutional jurisdiction, cannot review such irregularities, since there is no judgment of the court of appeals upon that feature of the case.
There are other questions which have been urged and argued by counsel for plaintiff in error, but we find no prejudicial error committed by the trial court in respect thereto.

Judgment affirmed.

Marshall, C. J., Johnson, Hough and Matthias, JJ., concur.
Wanamaker and Robinson, JJ., dissent from the fourth proposition of the syllabus, and from the judgment.